**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDEL JESUS RODRIGUEZ TORRES (A-No. 240-236-261),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al.,<br><br>Respondents. | Case No. 1:26-cv-03052-JLT-FJS<br><br>ORDER GRANTING THE PETITION FOR HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Docs. 1, 2.) |

## I.   INTRODUCTION

Before the Court for decision is Edel Jesus Rodriguez Torres's motion for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting only that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), a legal position that this Court has rejected repeatedly. (Doc. 6.) Thus, the Court **GRANTS** the petition for writ of habeas corpus.[1]

---

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing on the motion, and whether the parties sought additional briefing on the merits of the habeas petition. (Doc. 5.) Respondents did not request a hearing or further briefing and instead indicate that the habeas "petition should be dismissed," (Doc. 6 at 3), thereby requesting a decision on the underlying merits. Considering this and given that Respondents had notice and opportunity to respond, (*see* Doc. 6), the Court decides this case on the underlying habeas petition.

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.    FACTUAL & PROCEDURAL BACKGROUND[2]

Petitioner is a citizen of Cuba who entered the United States on or around September 6, 2021, without inspection or parole.[3] (*See* Doc. 6-1 at 2; Doc. 2 at 2; Doc. 1 at 4.) On or around 2022, Petitioner filed an application for asylum which remains pending before the immigration court. (Doc. 2 at 2; Doc. 6-1 at 2; *see also* Doc. 1 at 29.) On or around February 4, 2023, Petitioner also filed an application for employment authorization, which appears to have been granted on August 9, 2023.[4] (*See* Doc. 1 at 11, 26, 28) On February 14, 2026, Petitioner was arrested by Lee County Sheriff's Office in Florida on charges of disorderly public intoxication and damage to property, which remain pending. (*See* Doc. 6-1 at 2; Doc. 6-2 at 4–5.) It was this encounter with police that prompted Immigration and Customs Enforcement to arrest the Petitioner. (Doc. 6 at 1.) It appears that Petitioner was only recently placed into removal

---

[2]  There appears to be some discrepancy in the record regarding Petitioner's age and date of birth. Petitioner indicates that he was born on June 12, 1979, (*see* Doc. 1 at 4, 11), but Petitioner's Florida Driver's License and Cuban Passport list a date of birth of June 12, 1998. (Doc. 1 at 18–19.) Further, the I-213 lists a date of birth of June 12, 1998. (Doc. 6-1 at 1.) In any event, because the I-213 nonetheless accurately reflects Petitioner's A-Number, country of birth, and criminal history, the Court finds that the I-213 accurately corresponds to the Petitioner. (*Compare* Doc. 6-1 at 1–2 *with* Doc. 1 at 16, 34.)

[3]  Though Petitioner indicates that he crossed the border on or around September 6, 2021, he does not claim to have been encountered by immigration officials at that time. (*See* Doc. 1 at 4, 11.) Indeed, the I-213 submitted by the government indicates that Petitioner entered the U.S. on or around 2022 "without inspection by an immigration officer at a designated port of entry." (Doc. 6-1 at 2.) This suggests that Petitioner was unencountered and remained unencountered until his recent arrest on February 14, 2026. (*See id*.)

[4]  As part of Petitioner's habeas petition, he included a copy of his social security card, which was issued August 9, 2023, and indicates: "Valid for Work Only With DHS Authorization." (Doc. 1 at 28.)

proceedings after his arrest by police and ICE.[5] (*See* Doc. 6-1 at 2.) Petitioner is currently detained at California City Immigration Processing Center in California. (Doc. 2 at 3.)

## IV.    DISCUSSION

The government filed an opposition to the petition and motion for TRO, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (*See* Doc. 6.) This Court has previously addressed similar due process arguments made by individuals who entered the United States without permission long ago and have resided here for many years without interacting with the immigration system and found that such individuals are not subject to mandatory detention under § 1225(b)(2). *See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez v. Christopher Chestnut*, *et al.*, No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026). On the other hand, no immigration judge or immigration official has determined whether he should be released or retained in custody.

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC),

---

[5] The I-213 submitted by the government for the Petitioner indicates: "Subject will be process[ed] as an NTA." (Doc. 6-1 at 2.) NTA stands for "Notice to Appear" which marks the beginning of removal proceedings. Additionally, upon entering Petitioner's A-Number into EOIR's website, the automated case information indicates that Petitioner's case was opened April 1, 2026. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited April 27, 2026). All this suggests that Petitioner was only recently placed into removal proceedings.

2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. Thus, for the reasons set forth, the Court **ORDERS:**

1.    The petition for writ of habeas corpus (Doc. 1) is **GRANTED** for the reasons stated in the orders cited above;

2.    The motion for temporary restraining order (Doc. 2) is **DENIED** as **MOOT**.

2.    Respondents are **ORDERED** to provide Petitioners with a bond hearing in accordance with 8 U.S.C. § 1226(a) within 14 days of the date of this order, in which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained. If Respondents do not provide Petitioners with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention. If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

3.    Prior to the bond hearing, the Petitioner **SHALL** receive meaningful notice of the scheduled hearing and **SHALL** be entitled to appear at the hearing.

4.    The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:    **April 28, 2026**

UNITED STATES DISTRICT JUDGE

4